Smith v. The People.

## IRWIN Z. SMITH

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOVERY OF TAXES DUE ON FORFEITED PROPERTY.—The statute providing that suit may be brought against the owner for the amount of tax due upon forfeited property, is not in conflict with the provisions of the Constitution.

2. FORFEITURE NECESSARY.—In order to support a personal action for such tax, there must first be a forfeiture, and all the steps necessary to produce a forfeiture must have been taken. There must have been a process of sale, and a failure to sell for want of bidders, and the absence of one of these essential requisites renders the forfeiture invalid, and all proceedings based upon the forfeiture are void.

3. EVIDENCE—DEEDS.—It was competent to give in evidence deeds tending to show that the defendant was the owner of the land.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for appellant; that the act is unconstitutional, cited Andrews v. The People, 75 Ill. 605; Constitution of 1870, Chap. 9, §§ 4, 5.

Only the officer authorized to receive the State and county tax has authority to sell land for taxes: Hills v. Chicago, 60 Ill. 86.

To create a personal liability there must be an ownership of the property on the first day of May of the year for which the tax is sought to be collected: Rev. Stat. 1877, 868, § 59.

There must be proper notice before there can be a legal judgment of forfeiture: People v. Otis, 74 Ill. 384; Chiniquy v. The People, 78 Ill. 570; Fortman v. Ruggles, 58 Ill. 207.

Mr. C. L. COOK and Messrs. WISE & DAVIS, for appellee; as to what are taxes, cited Cooley on Taxation, 1; 58 Me. 591; Hilbrel v. Catherman, 64 Pa. St. 154; Blackwell on Tax Titles, 1; Perry v. Washburn, 20 Cal. 318; Hanson v. Vernon, 27 Iowa, 28.

As to the object of taxes: Cooley on Taxation, 2; People v. Brooklyn, 4 N. Y. 419; McKune v. Del. Canal Co. 49 Pa. St. 524; Thatcher v. The People, 79 Ill. 597.

Upon the right to impose taxes: 18 Pa. St. 26; Bank of Pennsylvania v. Commonwealth, 19 Pa. 144; Catlin v. Hull, 21 Vt. 152; Blue Jacket v. Johnson Co. 3 Kan. 299; Hager v. Supervisors of Yolo, 47 Cal. 222; Corte v. Soc'y for Savings, 32 Conn. 173; Porter v. R. R. I. & St. L. R. R. Co. 76 Ill. 561; Enrigh v. The People, 79 Ill. 214.

The right to tax rests upon a necessity, and the burden is upon him who alleges it, to show wherein the Act violates the Constitution: Porter v. R. R. I. & St. L. R. R. Co. 76 Ill. 561; Sawyer v. City of Alton, 3 Scam. 127; People v. Worthington, 21 Ill. 177; People v. Salomon, 51 Ill. 38; McVeagh v. Chicago, 49 Ill. 318; McCulloch v. Maryland, 4 Wheat. 428: Providence Bank v. Billings, 4 Pet. 561; People v. Mayor, etc. 4 Com. 425.

Taxes may be collected by suit: Cooley on Taxation, 299; Ryan v. Gallatin Co. 14 Ill. 78; Dunlop v. Gallatin Co. 15 Ill. 7; Geneva v. Cole, 61 Ill. 397.

In construing the Constitution the whole of the Revenue Act must be regarded, and not isolated sections: Cooley on Con. Lim. 57; Belleville R. R. Co. v. Gregory, 15 Ill. 20.

Mere technical objections will not defeat the judgment of forfeiture: Thatcher v. The People, 79 Ill. 597; Beers v. The People, 83 Ill. 488; Chiniguy v. The People, 78 Ill. 570; Purrington v. The People, 79 Ill. 11; People v. Brislin, 80 Ill. 423; Lehmer v. The People, 80 Ill. 601.

WALL, J. This was an action of debt, brought by appellee against appellant, under the 230th section of the revised statutes, entitled revenue, which is as follows:

"The county board may, at any time, institute suit in an action of debt, in the name of the people of the State of Illinois, in any court of competent jurisdiction, for the amount due on forfeited property." It is urged that the declaration is not sufficient. We have examined it and are of opinion that it is substantially good. It is objected that the statute upon which the suit is brought is unconstitutional. The power of taxation is an incident of sovereignty and co-extensive with it. It is essential to the support of government, and to the existence of civilized society. Aside from the general limitation that it can be exercised only for public purposes, the power is uncontrolled save by the Constitution. The process of collection may be adapted to the condition of things, and may be such as the legislature deems necessary and proper, by proceedings *in rem* or *in personam;* the ordinary remedies being by suit, by distress and sale of personalty, and by sale of lands.

In considering the question of a constitutional limitation upon legislative power in this respect, the rules ordinarily applicable are enforced. It is argued that a limitation upon this power sufficient to invalidate § 230, above quoted, must be inferred from the provisions of §§ 4 and 5, Art. 9, of the Constitution of 1870, entitled "Revenue." Those sections are as follows:

"Sec. 4. The General Assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments for State, county, municipal or other purposes, that a return of such unpaid taxes or assessments shall be made to some general officer of the county having the authority to receive State and county taxes,

and there shall be no sale of said property for any of said taxes or assessments, but by said officer upon the order or judgment of some court of record.

"Sec. 5. The right of redemption from all sales of real estate for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. And the General Assembly shall provide by law for reasonable notice to be given to the owner or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided,* that occupants shall, in all cases, be served with personal notice before the time of redemption expires."

Considering these provisions in the light of the rules first announced, is the point well taken? It must be remembered that the legislature may adopt such modes of collection as may seem most efficient, including of course ordinary actions *in personam,* to recover the amount due. These sections of the Constitution only refer to the sale and redemption of real estate. They do not, in terms or by implication, limit the legislative power as to any other mode of collection. They evidently refer only to such sales when made under and by virtue of direct proceedings against real property for the collection of taxes in which proceedings are *in rem.* They do not refer to the mode pursued in this case, and though it may happen that a judgment *in personam* having been obtained, land may be sold, and the time of redemption may expire within two years, yet we think these provisions are in no wise contravened.

We are aware of no rule of construction that would require us to hold, because the constitution contains one or more limitations as to the exercise of one mode of collection, that therefore it must be implied no other mode of collection can be resorted to. The Constitution of 1848 contained a provision, Sec. 4, Art. 9, upon the subject of sales of land for taxes, but it was never supposed that the State had no other remedy. On the contrary, the remedy by suit was repeatedly recognized. Ryan v. Gallatin Co. 14 Ill. 78; Dunlap v. Gallatin Co. 15 Ill. 7;

The Town of Geneva v. Cole, 61 Ill. 398. The case of Andrews v. The People, 75 Ill. 605, cited by counsel for appellant, is to the same effect. In that case the act of 1872 was involved. This act, passed under the present Constitution, authorized a personal action in debt or assumpsit for the recovery of taxes, and the objection taken by the court was not that there was no warrant for such a law, but that while the law provided that the remedy should be cumulative, it did not provide that while this remedy was being pursued another remedy might be enforced for the same purpose. If the statute had so provided there would have been no constitutional objection. In the case at bar such an objection cannot obtain, for the obvious reason that the proceeding is strictly in pursuance of the statute. The statute authorizes a suit to recover the amount due on forfeited property, and the remedy *in personam* begins where the proceedings *in rem*, having failed to collect the tax, determine. The forfeiture must first occur, then the suit to recover the sum due thereon. We are clearly of opinion that there is no constitutional objection to the statute.

It is objected that the court erred in admitting in evidence certain deeds, offered for the purpose of showing that defendant was the owner of the land. This proof tended to establish the case made by the declaration, and was competent. The next question is, does the record show such a forfeiture as will authorize a recovery? The statute provides a remedy by suit against the person for the amount due upon forfeited property. It is manifest, in our opinion, that there must have been a valid forfeiture. To constitute a valid forfeiture, all of the steps provided by the statute must have been substantially complied with. There must have been a notice substantially such as the law requires. This notice is jurisdictional. There must have been a judgment, a process of sale, an offer of sale by the proper officer, and a failure to sell for want of bidders. Scott v. The People, etc. 2 Bradwell, 642. A question is made upon the notice. From the record as it is before us, we are at a loss to say what the notice really contained, and passing that question, we find a judgment valid, so far as we can see, if the proper notice was given. The record however

fails to show a process of sale, as required by Sec. 194. As we read the statute, this process is essential to a valid sale and to a valid forfeiture for want of bidders, and the absence of this essential requisite renders invalid the subsequent proceedings. It is the warrant upon which the officer acts in making the sale, and is indispensable. The point is made that the defendant tendered the amount due on the land he really owned. We think this objection is not valid. The tender, if any was made, was not kept good. For the want of the process of sale, as required by section 194, we think the record does not sustain the judgment. Judgment reversed and cause remanded.

Reversed.