CHARLES W. CRAW et al.

*v.*

THE VILLAGE OF TOLONO et al.

*Filed at Springfield September 30, 1880.*

1. TAXATION—*of special taxation of contiguous property for sidewalk.* Under our constitution it is competent for the legislature to confer upon the corporate authorities of cities, towns and villages power to impose upon contiguous property, in the form of a special tax, the burden of the expense of the construction of a sidewalk along the line of such property, and such tax may be lawfully assessed upon the respective parts thereof in proportion to the frontage of each part upon such improvement, and the payment of such tax may be enforced against the property so taxed.

2. SAME—*can not be made personal.* So much of sec. 3 of the act of 1875, entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," as authorizes the cost of such sidewalk, or any part thereof, to be recovered of the owners of lots, etc., by action at

| | |
|---|---|
| 96 | 255 |
| 123 | 398 |
| 96 | 255 |
| 126 | 98 |
| 127 | 590 |
| 96 | 255 |
| 129 | 423 |
| 96 | 255 |
| 131 | 453 |
| 96 | 255 |
| 134 | 459 |
| 96 | 255 |
| 142 | 476 |
| 143 | 104 |
| 145 | 326 |
| 96 | 255 |
| 150 | 86 |
| 152 | 31 |
| 154 | 167 |
| 155 | 395 |
| 96 | 255 |
| 166 | 79 |
| 167 | 263 |
| 96 | 255 |
| 170 | 232 |
| 170 | 248 |
| 171 | 184; |
| 96 | 255 |
| e189 | 1260 |
| 189 | 264 |
| e189 | 267 |
| 96 | 255 |
| 197 | 4365 |

law, is unconstitutional and inoperative, and so much of the same section as seems to authorize the seizure, by warrant issued by the clerk, of the personal property of the owner, in satisfaction of such special tax, is without constitutional authority, and void.

3. SAME—*when a tax is personal.* A tax on persons may be imposed merely as such, as, in case of a poll tax, or upon persons as the owners of property, or as the possessors of property, or as the managers or proprietors of a business carried on, in all which cases the tax is a personal tax, the payment of which is a personal duty, and the property or business entering into the transaction is adopted merely as the basis for the measure of the amount of the tax.

4. A mere taxation of property imposes no personal liability upon the owner. It is an imposition of a charge merely upon the thing itself, and not upon the owner or possessor of the thing, and if the charge is not paid by some one interested in the thing taxed, resort can be had for the collection of such a tax only to the thing taxed.

5. SAME—*distinction between special and general taxation.* Special taxation of contiguous property for local improvements is a thing in its object and character very different from general taxation for the purpose of revenue, and a thing very different from local taxation by municipal corporations for revenue to be applied to other corporate purposes. All taxation for revenue, whether by the State or municipal corporations, must be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

6. SAME—*distinction between special taxes and special assessments.* Special taxation, as spoken of in the constitution, is based upon the supposed benefit to the contiguous property, and differs from special assessments only in the mode of ascertaining the benefits. In special taxation, the imposition of the tax is of itself a determination that the benefits to contiguous property will be as great as the burden imposed, while in the case of special assessments, the property to be benefited must be ascertained by careful investigation, and the burden must be distributed according to a carefully ascertained proportion in which each part thereof will be beneficially affected.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. LOTHROP, for the appellants:

The sole object of a local tax being to benefit local property, it should be a charge on that property *only, and not a general one on the owner.* The latter is not what is understood by a local or special assessment; for if the owner be personally

liable, it is not only a local assessment, but also a general one against the owner. *Neenan* v. *Smith*, 50 Mo. 525; Burroughs on Taxation, 474; Cooley on Taxation, 470–473; *Taylor* v. *Palmer*, 31 Cal. 240; *Curlin* v. *Cavender*, 56 Mo. 286; *St. Louis* v. *Brester*, 56 id. 350.

While, in general, taxes are levied upon persons, the property being resorted to merely to determine the amount, such is not the case with a special tax or special assessment, that being a proceeding *in rem*, and all other considerations aside, I can conceive of no legal mode, short of a suit at law, by which a personal liability can attach to a non-resident of the corporation for such tax or assessment.

This can not be done for the reason that taxation and protection are reciprocal. On this point see Cooley on Taxation, 14–42; *Dow* v. *Sudbury*, 5 Met. 73; *Heinman* v. *Stover*, 43 Me. 497; *The People* v. *Supervisor, etc.* 11 N. Y. 563; *St. Paul* v. *Merritt*, 7 Minn. 258.

The law is unconstitutional, because violating the principle of uniformity. Const. of 1870, art. 9, secs. 1, 8, 9 and 10.

Wherein does a special tax differ from a special assessment? If there is a difference, it will be found that the one is determined by *valuation*, and the other, *injury and benefits*.

Local taxation is the special taxation contemplated in the constitution, and simply means a tax levied upon the property of a particular locality. The principles governing it, however, remain the same, and equality and uniformity must appear. To assess the cost of a sidewalk on a lot, or on the *owner* of a lot, according to the number of feet frontage, can not be supported by any principle in law governing either taxation or special assessments. *City of Chicago* v. *Larned*, 34 Ill. 203.

The words "or otherwise," in sec. 9, art. 9, of the constitution, do not give to the legislature power to "vest" any and every conceivable authority in a town as to the manner of making local improvements. It merely provides that the tax may be "special" "or otherwise," and if otherwise than

"special," it must still be such as the constitution authorizes. It must be such as the constitution *otherwise permits.* That is, *special or general.*

No municipal corporation can exercise a power which results in the sale of property of an individual without the intervention of some known, authorized judicial proceeding. *Poppen v. Holmes,* 44 Ill. 360.

What, in the face of such a proceeding, becomes of the constitutional guaranty that "persons shall not be deprived of property without due process of law?"

And of that other provision that "the right of trial by jury shall remain *inviolate?*"

If they rely upon a special tax as a special assessment, then the law is well settled that it must be in proportion to the benefits conferred, and not otherwise. *City of Chicago* v. *Larned,* 34 Ill. 203 ; *City of Ottawa* v. *Spencer,* 40 id. 215 ; *VanTassle* v. *Mayor, etc., Jersey City,* 8 Vroom ; *Del. Lack. and W. R. R. Co.* v. *Village of Passaic,* id. ; *Bedard* v. *Hall,* 44 Ill. 91.

And such assessments must extend to all the property in the vicinity benefited by the improvement. Cases above cited, and *City of Chicago* v. *Baer,* 41 Ill. 306.

This latter case reviews the former decisions, and settles the question there and here involved.

The power of making special assessments was there referred to the power of "eminent domain," and that the taking of private property for public use might be compensated for in benefits and advantages.

Our present constitution does no more than authorize a proceeding of that character, and a "special assessment," or *special* or *local* tax, mean an assessment or tax proportionate to the benefits conferred.

In all special assessments there must be an opportunity for a jury, and must have the sanction of a judicial proceeding. *City of Chicago* v. *Larned,* 34 Ill. 203.

Mr. Francis M. Wright, and Mr. William D. Somers, for the appellees.

Mr. Chief Justice Dickey delivered the opinion of the Court:

The constitutional power of the General Assembly to provide for the construction of sidewalks in cities and villages by special tax *upon the adjoining lots,* according to their respective *frontage* upon such sidewalks, is sustained in the decision made by a majority of this court in the case of *White* v. *The People,* 94 Ill. 604, and need not be further discussed. Serious apprehensions are expressed lest, under the power to impose special taxation upon contiguous property for local improvements, cities may, in case of very expensive improvements, abuse the power, and, under the form of its exercise, practically confiscate private property to public use. So long as it is confined to sidewalks, there is little cause for such apprehension. It will be time enough to consider the question when a case of oppression occurs. Meanwhile, it may not be amiss to suggest that all this must be done, if at all, by ordinance, and it must be remembered that ordinances, to be valid, must be reasonable, not unfair,—unfair or oppressive,—and must spring from an honest exercise of legislative discretion.

The facts of this case, however, present another and very grave question. Under our constitution and statutes, can the corporate authorities of a city or village, by ordinance, impose upon the owner of such adjoining lot or lots a personal liability to pay such special tax, in a case where such owner is not a resident of such city or village? This question did not arise in *White's case.*

Our present constitution says: " The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements * * * by special taxation of *contiguous property* or otherwise."

Under this clause, we have held that it is competent for the legislature to confer upon the corporate authorities of cities, towns and villages power to impose upon contiguous property, in the form of a special tax, the burden of the expense of the construction of a sidewalk along the line of such property, and that such tax may be lawfully assessed upon the respective parts thereof, in proportion to the frontage of each part upon such improvement, and that the payment of such tax may be enforced against the property so taxed. *White* v. *The People, supra.*

"Special taxation imposed upon contiguous property" is one thing, and special taxation imposed upon *the owners* of such contiguous property is quite another and an entirely different thing.

It is said the subjects of taxation "are persons, property and business." Burroughs on Taxation, sec. 6, chap. 1. Strictly, the subjects of taxation are *persons and property;* for a tax on business is necessarily a mere tax upon the person or persons carrying on the business. A tax on persons may be imposed upon persons, merely as such, as in the case of a poll tax, or upon persons as owners of property, or as the possessors of property, or as the proprietors or the managers of a business carried on,—in all which cases the tax is a personal tax, the payment of which is a personal duty, and the property or business entering into the transaction is merely adopted as a basis for the measure of the amount of the tax by its value, quantity, extent, situation or condition. Such taxes, although measured by property or business, and although made a lien sometimes upon the property adopted as a basis of such measure, are, strictly speaking, taxes against the persons in question, and such persons may be lawfully made liable for their non-payment, and the entire estate of such persons may be lawfully made liable to seizure in satisfaction of such personal liability. A mere taxation of property imposes no personal liability upon the owner thereof. It is an imposition of the charge merely upon

the thing itself, and not upon the owner or possessor of the thing. In the nature of things, if the charge be not paid by some one interested in the thing taxed, resort can be had for the enforcement of such a tax, only to the thing so taxed.

Special taxation of contiguous property for the purpose of local improvements is a thing, in its object and character, very different from general taxation for the purpose of revenue, and a thing very different from local taxation, by municipal corporations, for revenue to be applied to other corporate purposes. The constitution has wisely provided that general taxation for revenue shall be by valuation, so that every person shall pay a tax in proportion to the value of his property, and in the case of taxation by a municipal corporation for revenue for other corporate purposes, it is required that such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

Taxation for local improvements is intended for the benefit of the property subjected to such tax, and although such benefits may not be exactly confined to contiguous property, yet, for practical purposes, it will generally be so nearly so that to simplify the proceeding and avoid the expense and delay of nicely adjusting the equities, the constitution has provided the property contiguous to the improvement may be required to bear this burden, inasmuch as that, as a general rule, will do no serious injustice.

Taxation for revenue is imposed on the citizen of the State or resident of the municipal corporation, or person doing business within the jurisdiction thereof, to compel him to contribute to the maintenance of the government, State or municipal, by which his life, liberty and property or business are protected, in common with that of all other citizens and residents. This, under our system, is a personal tax, imposed upon the owners of property in proportion to the value of the property of each, and to secure its collection such tax is made a lien upon the property of the person thus taxed. It is entirely competent to declare such a tax a personal liability

of the person so taxed.   To pay it is a duty he owes to the government.

Not so with special taxation, for local improvements, on property contiguous to the improvement.   The owner of such property is not supposed to derive any special benefit from the improvement, except in so far as his contiguous property is to be benefitted by the improvement.   Hence this special taxation (which, in the absence of express authority in the constitution, could not lawfully be imposed,) is by the *words* of the grant of power in the constitution limited to taxing the *contiguous property.*   There is no authority given to make local improvements by special taxation of the *owners* of contiguous property.   Special taxation, as spoken of in our constitution, is based upon the supposed benefit to the contiguous property, and differs from special assessments only in the mode of ascertaining the benefits.   In the case of special taxation, the imposition of the tax by the corporate authorities is of itself a determination that the benefits to the contiguous property will be as great as the burden of the expense of the improvement, and that such benefits will be so nearly limited, or confined in their effect, to contiguous property, that no serious injustice will be done by imposing the whole expense upon such property.   In the case of special assessments, the property to be benefitted must be ascertained by careful investigation, and the burden must be distributed according to the carefully ascertained proportion in which each part thereof will be beneficially affected.

Special taxation of contiguous property can no more be made a personal liability of the owners of the contiguous property so taxed than can a special assessment be made a personal liability of the owners of property against which an assessment is made on account of supposed benefits.   Both are proceedings *in rem,* and not *in personam,* under our constitution.

A man who resides or transacts business in a State, or in a city, town or village, is in duty bound to contribute his share

to the revenue necessary to sustain such State or municipal governments within whose jurisdiction he resides or transacts business, and any part of his property may be charged with the same and taken for the payment thereof.

A man who owns real estate within a State or municipality, necessarily subjects *that property* to the lawful rules and regulations of the State or municipality; but he does not thereby subject the rest of his fortune, not within such State or municipality, to the jurisdiction of such municipality, unless he is a citizen or resident of such State or municipality, or transacts business therein; and if a resident, or doing business therein, his estate generally can not be subjected to any charge by way of taxation which is not uniform in respect to persons and property in like condition throughout the jurisdiction of the State or municipality. It is only in respect to the making of local improvements by special taxation of contiguous property that this rule of uniformity is relaxed by our constitution.

The General Assembly being clothed with authority, by a special and exceptional provision of our constitution, to " vest in cities, towns and villages " power to make local improvements by special taxation of contiguous property, may undoubtedly prescribe the mode in which the tax may be enforced upon the contiguous property, but can not, under the form of prescribing the mode of enforcement of such tax, exceed their constitutional powers by imposing a special personal liability for such taxation upon subjects not embraced in the power. We, therefore, hold that so much of the 3d section of the act of 1875, entitled " An act to provide additional means for the construction of sidewalks in cities, towns and villages," as authorizes the cost of such sidewalks, or any part thereof, to be recovered of the owners thereof by action at law, is unconstitutional and inoperative, and that so much of the same section as seems to authorize the seizure, by warrant issued by the clerk, of the personal property of the owners, in satisfaction of such special tax, is without con-

stitutional authority, and void. We see no objection to the issue of a warrant to an officer, authorizing him to receive the amount of such tax, if paid by the owner of the lot in question, and requiring him to make return of non-payment, as a basis for proceeding under the law to have judgment *in rem* against the property, for the purpose of collecting such special tax.

The circuit court, in this case, ought to have enjoined appellees from further proceedings against the complainants, in regard to this tax, in the way of charging them personally therewith, or in the way of subjecting to the payment thereof, any property of either of the complainants, other than the lots on which the special tax was imposed.

The decree must be reversed and the cause remanded.

*Decree reversed.*

CRAIG and SCOTT, J.J.: We do not concur in this opinion.

SHELDON, J.: So long as it is held, as this court has frequently decided, that a tax upon land is a personal charge against the owner, and may be collected by personal suit, I think the same should be held with respect to a special tax upon land. I see no foundation for any legal distinction in this respect between a tax imposed by general taxation and one imposed by special taxation. And I think authority for the tax in question is embraced within the word *otherwise* in the constitutional grant of power to municipalities to make local improvements by special assessment or by special taxation of contiguous property, *or otherwise.*