(No. 25182.—▇▇▇▇▇▇▇▇)
THE CITY OF EAST ST. LOUIS, Appellee, *vs.* THE ILLINOIS STATE TRUST COMPANY, *et al.* Appellants.

*Opinion filed October 10, 1939.*

POPE & DRIEMEYER, for appellants.

BEASLEY & ZULLEY, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The city of East St. Louis recovered in the city court of East St. Louis a judgment against appellants in the sum of $1549.16 for the principal, interest and penalties of certain delinquent special assessments levied for the paving of a portion of State street in East St. Louis. In this appeal appellants urge as ground for reversal that by the entry of a personal judgment against them for special assessments, their rights under section 9 of article 9 of the constitution of Illinois were violated.

This judgment *in personam* was rendered after a forfeiture judgment had been duly entered by the St. Clair county court. The position of appellee is that, after forfeiture, the municipality may maintain an action of debt for the recovery of the special assessment. They rely on section 230 of the Revenue act. (Ill. Rev. Stat. 1937, chap. 120, par. 215.) This section, in part, provides: "Any county, city, town, school district or other municipal corporation to which any such tax or special assessment may be due, may, at any time, institute suit in an action of debt in its own name, before any court of competent jurisdiction, for the amount of such tax or special assessment due any such corporation on forfeited property, and prosecute the same to final judgment." Obviously, this statute authorizes a suit such as this, although it fails to state against whom the action of debt may be brought. There is no doubt the action is to be brought against the property owner.

Appellants contend section 230 of the Revenue act is unconstitutional for the reason that it conflicts with section 9 of article 9 of the Illinois constitution. That section reads: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested

with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same." Appellants argue that this section authorizes only a judgment *in rem* and prohibits a judgment *in personam* in cases of special assessments.

This section of the constitution has been construed by this court a number of times. In *Craw* v. *Village of Tolono,* 96 Ill. 255, we held unconstitutional a statute which authorized a personal judgment against landowners for local improvements. We said: "Taxation for revenue is imposed on the citizen of the State or resident of the municipal corporation, or person doing business within the jurisdiction thereof, to compel him to contribute to the maintenance of the government, State or municipal, by which his life, liberty and property or business are protected, in common with that of all other citizens and residents. * * * It is entirely competent to declare such a tax a personal liability of the person so taxed. To pay it is a duty he owes to the government. Not so with special taxation, for local improvements, on property contiguous to the improvement. The owner of such property is not supposed to derive any special benefit from the improvement, except in so far as his contiguous property is to be benefited by the improvement. Hence this special taxation * * * is by the words of the grant of power in the constitution limited to taxing the contiguous property."

In *County of McLean* v. *City of Bloomington,* 106 Ill. 209, this doctrine that special assessments create only a liability *in rem* was limited to property of private owners, for the reason that public property cannot be sold to private persons or forfeited to another governmental body.

The rule announced in *Craw* v. *Village of Tolono, supra,* has been followed by this court in *Illinois Central Railroad Co.* v. *Comrs. of East Lake Fork Drainage District,* 129 Ill. 417, where a judgment against the railroad was reversed

with directions to enter judgment against the property, because the judgment must be *in rem; Illinois Central Railroad Co. v. People*, 170 Ill. 224, where, in answering the railroad company's contention that the tax collector should have levied on its personal property before levying on its realty, we said that to do so would be unconstitutional; *Hoover v. People*, 171 Ill. 182, where we held one judgment for side-walk improvement could not be entered against two lots which had been separately assessed, on the ground that judgments for special assessments are *in rem* and can only lawfully operate against the particular tract or lot of land against which the taxes were assessed; *Marshall v. People*, 219 Ill. 99, where we held that so much of the warrant as attempted to authorize the collector to make the amount of the tax from the goods and chattels of the taxpayer was void; *Spring Creek Drainage District v. Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260, where the second proviso of section 55 of the Levee act was held unconstitutional because it made the judgment of confirmation a lien upon all the real estate owned by the railroad company, and did not limit the lien to the property assessed.

Appellees concede the rule to be that before forfeiture, a judgment for special assessments can operate only *in rem.* They urge, however, that after a judgment of forfeiture a different rule obtains, and that the remedies *in rem* having failed to collect the assessment, the taxing body may resort to an action *in personam* to compel payment of such delinquent assessments. None of the cases cited by appellees in support of this contention involved special assessments, but were cases of general taxes, with the exception of *Big Lake Special Drainage District v. Comrs. of Highways*, 199 Ill. 132, and *Smith v. People*, 3 Ill. App. 380. In the *Drainage District case* no constitutional question was mentioned nor was the question of personal liability. It may be observed that this case would come within the rule laid down in *County of McLean v. City of Bloomington, supra. Smith*

v. *People* supports appellees' contention, but with that reasoning we are unable to agree.

We cannot perceive any logical reasoning by which it can be held that the failure to collect a special assessment by proceedings *in rem* transforms a liability *in rem* into a personal liability. The reasoning by which it was held a special assessment creates in the first instance only a liability *in rem,* recoverable against the particular·tract of land assessed, applies with equal cogency after a judgment of forfeiture has been obtained. The judgment of forfeiture is the final step in collecting the delinquent assessment from the premises, and ·for special assessments it is the exhaustion of the liability allowed by the constitution.

Accordingly we hold section 230 of the Revenue act, in authorizing a personal judgment in special assessment cases, violates section 9 of article 9 of the constitution of Illinois.

The judgment is reversed. *Judgment reversed.*