(Nos. 42268, 42269 cons.—

LITTLE SISTER COAL CORPORATION *et al.,* Appellants, *vs.* PAUL DAWSON, County Collector, Appellee.

*Opinion filed May 20, 1970.*

CREBS, J., took no part.

CLAUDON, ELSON & LLOYD, of Canton, (JAMES J. EL-SON, of counsel,) for appellants.

ROBERT A. DOWNS, State's Attorney, of Lewistown, (LACHLAN CRISSEY, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The plaintiffs, the Little Sister Coal Corporation and the Truax-Traer Coal Company, brought an action against Paul Dawson, the treasurer of Fulton County and, *ex officio,* the county collector, to recover personal property taxes paid under protest. The asserted basis for recovery was allegedly improper increases in assessments made by the supervisor of assessments on personal property of the plaintiffs. The circuit court of Fulton County denied the plaintiffs' motion for summary judgment and entered judgment for the defendant. Since both the revenue and a constitutional question are involved, the appeal by the plaintiffs was taken directly to this court. Ill. Rev. Stat. 1969, ch. 110A, par. 302(a).

Four cases were consolidated for appeal and the underlying facts have been stipulated by the parties. The plaintiffs are coal mining corporations with substantial personal prop-

erty in three Fulton County townships. In 1962 they prepared schedules of personal property and filed them with the appropriate township assessor. The schedules contained the plaintiffs' own estimates or assessments of the value of their personal property. The township assessor then "returned" the schedule by listing these entries in his records. The supervisor of assessments later, which is the plaintiffs' complaint, increased the assessment of their personal property above the amounts returned by the township assessor without giving notice to the plaintiffs and an opportunity to be heard. These new assessments, as well as all other assessments of personal property, were subsequently published in various newspapers circulated in Fulton County. The plaintiffs paid the taxes on the basis of the increased assessments under protest and within one year filed petitions for a refund of the taxes attributable to the increased assessments.

The issues presented are whether under the due-process clause or under the provisions of the Revenue Act, notice to the taxpayer and an opportunity for him to be heard are required before the supervisor of assessments may increase assessments upon personal property which have been returned by a township assessor.

The Revenue Act requires that the owners of taxable personal property in Illinois list property owned on April 1st of each year upon a schedule prescribed by the Department of Revenue, which is available at the offices of local assessors. (Ill. Rev. Stat. 1969, ch. 120, pars. 528-534.) The taxpayers must execute the schedule under oath and return it to the assessor. (Ill. Rev. Stat. 1969, ch. 120, pars. 529, 532.) It is then the duty of the assessor to determine and fix the fair cash value of all listed items of personal property. (Ill. Rev. Stat. 1969, ch. 120, par. 532.) The Act further provides that in counties under 150,000 population after the township assessor has made his return as described: "The supervisor of assessments shall have the same authority as the township assessor to assess and to make

changes or alterations in the assessment of property, and shall assess and make such changes or alterations in the assessment of property as though originally made. Such changes by the supervisor of assessments in valuations returned by the township assessor shall be noted in a column provided therefor, and no change shall be made in the original figures." (Ill. Rev. Stat. 1969, ch. 120, par. 576.) After the supervisor of assessments has processed the schedules, the assessment list must be published in a newspaper of the county. (Ill. Rev. Stat. 1969, ch. 120, par. 584.) The taxpayer has a statutory right, following publication, to appear before the board of review and be heard as to the correctness of the assessment placed upon his property. Ill. Rev. Stat. 1969, ch. 120, pars. 588, 589(4).

This court in *Dietman* v. *Hunter*, 5 Ill.2d 486, held that neither the due-process clause nor the provisions of the Revenue Act are violated when a supervisor of assessments increases an assessment upon real property which has been returned by a township assessor without providing notice to the taxpayer and an opportunity to be heard. The question now is whether the same conclusion should be drawn where there have been increases in valuation of personal property by a supervisor of assessments after returns have been made by a township assessor. As the statutory notice and hearing provisions are substantially the same for assessments of both real and personal property (Ill. Rev. Stat. 1969, ch. 120, pars. 584, 588, 589(4)) observations made in *Dietman* are in point. Speaking of requirements of the Revenue Act, the court noted: "The statute does not expressly require that the taxpayer be afforded a hearing before the supervisor of assessments revises the assessment returned by the township assessor. It does expressly require that the taxpayer be afforded a hearing before the board of review, and such a hearing is required whether the assessment is that fixed by the township assessor or that revised by the county supervisor of assessments." (5 Ill.2d at

488-9.) Concerning the constitutional issue, the court declared: "Due process requires that the property owner be given notice and an opportunity to be heard upon the valuation of his property at some point in the taxing process before his liability to pay the tax becomes conclusively established. * * * The requirements of due process are satisfied by a law which affords an opportunity to be heard with respect to assessments before the board of review."

Since no statutory or constitutional ground for distinguishing, insofar as the notice and hearing provisions are concerned, the assessment procedure for real property from that for personal property, it would appear that we must hold, based on *Dietman,* that no notice and opportunity for a hearing need be given a taxpayer prior to the supervisor's increasing the assessment on personal property. However, the plaintiffs argue that certain language from *Dietman* discloses that the court intended its holding to be limited to increases in real-estate assessments. It intended, the argument is, to retain the rule, expressed in early cases that when a schedule of personal property has been accepted by the township assessor, there could be no subsequent change in the assessment without notice to the taxpayer. The language relied on is: "Neither by statute nor by custom does the taxpayer place his own value upon his real estate for taxing purposes. The element of reliance upon a valuation accepted by the assessor is absent in the assessment of real property. The real property owner first learns of his assessed valuation when he reads the published statutory notice after the supervisor of assessments has examined the assessor's books and turned them over to the board of review." 5 Ill.2d at 493.

But a reading of *Dietman* discloses that the court did not reconsider the rule expressed in earlier personal property decisions which required that notice and an opportunity for hearing must precede an assessment increase at *any* stage of the personal property procedure. The justification

for that rule was that the assessor by accepting the valuation set by the taxpayer represented thereby that it was satisfactory to him and entitled the taxpayer to rely on this implicit representation. The quoted comment by the *Dietman* court was made to show that this basis for decision did not exist in the case of real-property assessments. The question of the validity of that rule was simply not before the court.

Here, however, the question is squarely presented and a re-examination of what was our rule from earlier cases is appropriate.

There never has been an express statutory requirement that notice and a hearing be afforded a taxpayer as a necessary preliminary to an increase in a personal property assessment by the supervisor of assessments. The rule that notice and hearing were required in these personal property assessment cases came from judicial declarations beginning in 1867 with *Cleghorn* v. *Postlewaite,* 43 Ill. 428. The then applicable statute provided that the assessor should give the taxpayer a certificate of assessed valuation if the taxpayer's schedule was accepted by the assessor. It also provided that the assessor could not thereafter increase the assessment without furnishing the taxpayer an additional certificate showing the increase in assessment. In *Cleghorn* the taxpayer's original assessment was increased but the assessor failed to issue a new certificate. Although this was simply a failure to comply with the statute, the court in holding the increase in assessment void rested its decision on what has been considered grounds of due process. (*Dietman* v. *Hunter,* 5 Ill.2d 486, 493; see, Young, *Taxpayers' Remedies,* 1952 Ill. L. Forum 248, 253.) This due-process rationale was also adopted in the subsequent decisions which expressly relied on the *Cleghorn* decision. (See *Cox* v. *Hawkins,* 199 Ill. 68; *Tolman* v. *Salomon,* 191 Ill. 202; *Huling* v. *Ehrich,* 183 Ill. 315; *First Nat. Bank of Shawneetown* v. *Cook,* 77 Ill. 622; *McConkey* v. *Smith,* 73 Ill. 313.) It has

been pointed out that many of these cases could have been decided on other grounds. Young, *Taxpayers' Remedies,* 1952 Ill. L. Forum 248, 253-255.

As has been stated, due process requires only that the property owner be given notice and an opportunity to be heard upon the valuation of his property at some point in the taxing process before his liability to pay the tax becomes finally established. (*Central of Georgia Railway Company* v. *Wright,* 207 U.S. 127, 52 L. Ed. 134, 28 S. Ct. 47; *Security Trust & Safety Vault Co.* v. *City of Lexington,* 203 U.S. 323, 51 L. Ed. 204, 27 S. Ct. 87; *Weyerhaueser* v. *Minnesota,* 176 U.S. 550, 44 L. Ed. 583, 20 S. Ct. 485; *Hagar* v. *Reclamation Dist. No. 108,* 111 U.S. 701, 28 L. Ed. 569, 4 S. Ct. 663; *Dietman* v. *Hunter,* 5 Ill.2d 486.) It is interesting to note that even under the procedure in use when *Cleghorn* was decided, requirements of due process were satisfied because the statute did provide an opportunity for subsequent review of assessments by both the town board and the county board before increased assessments became final. Under the present statute increases made in personal property assessments by the supervisor of assessments are subject to a hearing before the board of review as a matter of right. (Ill. Rev. Stat. 1969, ch. 120, pars. 588, 589(4).) With notice through the required publication of all assessments (see *People* v. *Jennings,* 3 Ill.2d 125) and the opportunity to be heard before the board of review, the requisites for due process are satisfied. To the extent that *Cleghorn* and its descendant cases have held that due process requires that a notice and opportunity for hearing for the taxpayer must precede an increase in assessment at any stage of the personal property assessment procedure, they are expressly overruled.

The plaintiffs' contention that taxpayers are entitled to assume from the acceptance by the township assessor of personal property schedules that no increase in assessment will be proposed without prior notice to them must be re-

jected. The requirement, which existed when *Cleghorn* was decided, that the assessor must issue a new certificate to the taxpayer if the assessment was to be increased no longer appears in the statute. Further, the supervisor of assessments is given the express statutory authority to make changes or alterations in the valuations of property returned by the township assessor. (Ill. Rev. Stat. 1969, ch. 120, par. 576.) There is no requirement in the statute that notice and an opportunity for hearing precede these alterations. In addition, provisions appear in the Revenue Act for informing the taxpayer of any altered valuation by newspaper publication before the valuation becomes final or by reply to the taxpayer's personal inquiry. (Ill. Rev. Stat. 1969, ch. 120, pars. 576, 583, 584.) Considering this, a taxpayer is not justified in assuming that his self-assessment, once accepted by the township assessor, cannot be altered by the supervisor of assessments without prior notice to him and an opportunity for a hearing. There is neither constitutional nor statutory support for such an assumption.

The last argument presented by the plaintiffs relates to the manner in which the increases in the assessments were recorded. It is said that the supervisor of assessments did not note the changes in assessment in a specific column provided for such changes as the statute requires. (Ill. Rev. Stat. 1969, ch. 120, par. 576.) However, this question was not raised in the trial court and cannot, therefore, be considered for the first time on appeal. *Benson* v. *Isaacs, 22 Ill.2d 606.*

The judgment of the circuit court of Fulton County, for the reasons appearing here, is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CREBS took no part in the consideration or decision of this case.