THE PEOPLE ex rel. RALPH B. THOMPSON et al., Plaintiffs-Appellants, v. JAMES H. CLARK, County Collector, et al., Defendants-Appellees.

(No. 73-435;

Second District (2d Division)—December 3, 1975.

Margaret E. Thompson, of Hinsdale, for appellants.

John J. Bowman, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, of Counsel), for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs appeal from a judgment rendered in favor of the defendants against certain property owned by them. The judgment is founded upon 1971 real property taxes. In accordance with the statutory scheme, the plaintiffs paid their taxes under protest. Thereafter, the county collector filed an application for judgment against their property, the application accompanied by the required statutory affidavit; in response, plaintiffs filed tax objections raising various issues.

The plaintiffs appeared *pro se* and, after a trial on the merits, judgment against the property was entered on March 13, 1973, *nunc pro tunc* as of March 2, 1973. On June 30, 1973, the judgment was vacated and, upon rehearing, September 10, 1973, judgment was again entered *nunc pro tunc* as of March 2, 1973. Plaintiffs raise 24 issues on appeal; we have consolidated them into three categories.

It is claimed that the judgment appealed is invalid and void as denying plaintiffs due process rights guaranteed by the State and Federal constitutions and therefore the judgment should be vacated. Specifically, plaintiffs claim that the court erred: (a) in entering the judgment *nunc pro tunc*; (b) in not requiring written pleadings by the defendants; and (c) in its interpretation of certain laws.

■■ Plaintiffs claim the order entered September 10, *nunc pro tunc* as of March 2, was invalid because no order was rendered on March 2, 1973, and therefore a *nunc pro tunc* order cannot be entered to supply

such omission. The citation which plaintiffs quote to support their contention belies its applicability to the case at hand. It states, "where there is no minute or memorial paper in the records to show that the order was, in fact, made, it cannot * * * be so entered." (*People v. Rosenwald*, 266 Ill. 548, 554 (1915).) Here, the record reveals a ruling in the form of a minute order dated March 2, 1973, indicating that a written order was to come. The written order was entered on March 13, *nunc pro tunc* as of March 2. At the time of rehearing, no new matters of substance were introduced to modify or alter the original order entered. Therefore, it was proper for the court, upon denial of rehearing relief, to enter its September 10, 1973, order *nunc pro tunc* as of March 2, 1973.

■■■ To discuss plaintiffs' claim that the defendants were required to file written pleadings, we review the statutory procedures in a tax objection case. Under section 229 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, § 710) the county collector is directed to apply to the court, during the month of October, for judgment and order of sale for taxes on delinquent lands and for judgment fixing the correct amount of any tax paid under protest. Such application has been construed to be in the nature of a complaint. (*People ex rel. Reid v. Adkins*, 48 Ill.2d 402, 405 (1971).) The list of lands on which taxes are delinquent or paid under protest, together with the statutorily-required supplemental certificate (which insures the currency of the list) and the collector's affidavit, establishes the evidence to be presented to the court on application for judgment, and constitutes a prima facie case. (See *People ex rel. Brenza v. Anderson*, 411 Ill. 252, 255 (1952).) The court is instructed to examine the list, and if any specific objection in writing is offered in defense, then the court shall hear the matter in summary manner, without pleadings, and render judgment. (Ill. Rev. Stat. 1971, ch. 120, § 716.) Thus, tax objections are, in the language of the statute, defenses. Where no objections are filed, the taxpayer, in essence, is guilty of failing to file an answer to the collector's complaint, and a tax judgment in this circumstance is equivalent to a default judgment. *Reid*, 48 Ill.2d 402, 405.

The procedure for paying one's real estate taxes under protest, as provided in section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, § 716), is set out in section 194 of the Act (Ill. Rev. Stat. 1971, ch. 120, § 675), which in turn provides that proceedings upon objections filed under this section are subject to section 194a. Under section 194a, the court is instructed to hold a conference between the tax objector and the State's Attorney within 90 days of the filing of the objection unless the matter is disposed of sooner. If a compromise agreement is reached, the agreement must be filed with the clerk of the court. If no

agreement is reached, the court must, upon demand of either party, set a hearing date within 90 days of the demand.

■■ When the plaintiffs' objections, which they characterize as a "complaint," are viewed against this statutory procedure, it becomes clear that their "complaint" was, in its true function, an answer to the collector's complaint for tax judgment. Thus, under section 235, no additional written pleadings on the part of defendants are required since issue has been joined by the collector's application and the plaintiff's written tax objections. We have examined the record in this case at length, and find that the proceedings herein did not deviate in any material way from the statutory scheme outlined above.

■■ Plaintiffs allege that section 194a of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, § 675a) is unconstitutional, it being a violation of equal protection. That section, as discussed above, provides for a pretrial conference wherein the tax objector and the State's Attorney may work out a compromise agreement on tax objections. Any such agreement must be filed with the court. The plaintiffs in this case allege that no such agreement was reached with the State's Attorney, whereas compromise tax agreements were reached with other taxpayers on the same tax objections, and assert that this constitutes a violation of equal protection. Plaintiffs have failed, however, to offer competent evidence of any such agreements. Here, as elsewhere in their trial court presentation and brief, plaintiffs offer allegations, not proof. While we realize the difficulties of a *pro se* presentation, especially in matters as complex as taxation, and respect plaintiffs' earnestness in this matter, the allegations, unsupported by proof, cannot form the basis for relief. In a tax objection case there is a presumption that the taxes assessed are correct. The burden is upon the objector to prove facts to sustain the objection. (*People ex rel. Brenza v. Fleetwood*, 413 Ill. 530, 545 (1952).) A close reading of the entire record reveals that plaintiffs have not met this burden regarding any of the objections raised by their pleadings.

Plaintiffs allege errors in the rulings of the trial court. Some have been discussed above; others which merit discussion will be reviewed briefly.

■■ (1) Plaintiffs claim that the trial court erred by ruling that proper notice had been given to the taxing districts. The record reveals that the required statutory notice was given, therefore, no error occurred.

■■ (2) Plaintiffs claim that the court erred in failing to order the collector to make a full disclosure. While it is not altogether clear from their brief, it appears that plaintiffs are referring to disclosure of the amount of total taxes withheld from distribution. Section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, § 675) provides in part that "No protest shall prevent or be a cause [of] delay in the dis-

tribution of tax collections among the taxing bodies of any taxes collected which were not paid under protest. The collector may withhold from distribution the amounts paid under protest or 1% of the total taxes collected, whichever is less." The plaintiffs introduced no evidence that the collector was acting in a manner other than according to the statute; therefore, failure to order the collector to make such disclosure was not error.

■■■ (3) Plaintiffs urge that the trial court erred in excluding proper evidence offered to support their case. Some of the items to which plaintiffs apparently refer were never presented to the court for identification, are not present in the record on review, and are thus not reviewable. (See *Grier v. Barkley*, 182 Ill.App. 541, 545-46 (1913).) The plaintiffs did not adequately identify or ask the trial court to take judicial notice of orders claimed to have been entered in a previous case wherein plaintiffs were objecting to their 1970 taxes. The record reveals that other rejected items (to which plaintiffs refer generally) were clearly not competent evidence. The items were newspaper articles, portions of other taxpayers' tax objections, and documents dealing with prior years' taxes, the relevance of which was not adequately demonstrated. From our review, we conclude that the trial court did not err by excluding evidence described by plaintiffs as proper.

■■ .(4) Plaintiffs allege that there was no pretrial conference as provided for in section 194a of the Revenue Act of 1939. Since plaintiffs' statements in the record admit that a pretrial conference was held, the nub of plaintiffs' complaint seems to be that there was no court reporter at the conference and, there being no record of what occurred, the proceedings did not constitute a pretrial conference. This argument is without merit. The above-cited section of the Revenue Act does not require a record of the proceedings to be made; neither is such record required in pretrial conferences of civil cases according to Supreme Court Rule. (Ill. Rev. Stat. 1971, ch. 110A, § 218.) The responsibility for having the pretrial proceedings recorded rests upon the party seeking the same.

■■ (5) Plaintiffs assert that the trial court erred in denying a motion to amend their pleadings to include a count for mandamus or a count for declaratory judgment. It is argued that since the named defendants did not appear at the March 2, 1973, hearing (although present by their attorneys) the court should have treated plaintiffs as the complaining witnesses and allowed them to amend the cause of action before the court. Plaintiffs cite no authority to support the proposition; they arrive

at their conclusion through the misconception that it was their objections, rather than the collector's application for judgment, that initiated the action before the court.

(6) Plaintiffs contend that the trial court committed error in giving summary decision in this case. They argue that because each of their objections raised different questions of law and fact, the court was bound to make detailed findings of fact and conclusions of law on each objection raised rather than to summarily dispose of all matters as a group. Contrary to plaintiffs' position, section 235 of the Revenue Act of 1939 provides that the court "shall hear and determine the matter [tax objections] in a summary manner."

(7) A motion to consolidate this case with an earlier case (involving plaintiffs' 1970 taxes) was correctly denied on July 7, 1973, since plaintiffs had filed a notice of appeal from rulings in that case on April 12, 1973. See *People ex rel. Thompson v. Property Tax Appeal Board,* 22 Ill. App.3d 316 (1974).

■■ (8) The trial court did not err in ruling that plaintiffs' evidence was insufficient to sustain their complaint against the Oak Brook Park District appropriation ordinance. The plaintiffs introduced the Park District's appropriation ordinances for the years 1967-1972 to show accumulation of funds. Such accumulations are alleged to be illegal by the plaintiffs. The only authority cited for that proposition was an earlier case of plaintiffs' wherein judgment was entered on the defendant Park District's motion to dismiss plaintiffs' complaint with prejudice. See *Thompson v. Board of Commissioners,* 132 Ill.App.2d 178 (1971).

■■ (9) Plaintiffs claim that the trial court erred regarding the validity of the education fund rate for School District 53. It is argued that the rate increase was invalid because the proposition was not clearly stated on the ballot as required by statute. (Ill. Rev. Stat. 1971, ch. 122, § 9-13.) However, this section requires only that the "substance" of such proposition appear. The sample ballot introduced by defendants reveals that the substance of the proposed rate increase did appear on the ballot. We find no error in this regard.

■■ (10) Plaintiffs claim that the court erred by not ruling on the question of whether, without referendum, two or more school districts may join together to form a single area vocational education district. Testimony of the business manager of the school district established that such referendum was held. The document offered by plaintiffs (the sole support of their contention) revealed that School District 86 held a referendum to levy a tax to build a vocational school. Such document, however, does not establish that only that referendum was held. Clearly,

another referendum could have been held which authorized the school district's participation in the DuPage Area Vocational Association.

(11) On July 30, 1973, the court found plaintiffs were not notified of the date and time of entry of the March 13 order. It therefore vacated the order and set September 11 for a rehearing on the entry of a new order. Plaintiffs claim that the rehearing never occurred. The claim is contradicted by the record. An order entered on September 11 disposes of plaintiffs' objections after first reciting the presence of the plaintiffs.

Judgment affirmed.

HALLETT and DIXON, JJ., concur.