THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHICAGO TITLE & TRUST CO., Trustee, *et al.,* Defendants-Appellants.

First District (1st Division)  No. 76-282

Opinion filed June 27, 1977.

Walter Montgomery and Lee Montgomery, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff brought this action for the collection of real estate taxes for the tax years 1969, 1970 and 1971 from the individual defendants (hereinafter taxpayers), who are the beneficiaries of two parcels of land held in trust by the corporate defendant. The trial court reduced the amount sought

by the amount of the interest claimed, entered judgment for plaintiff, and ordered the judgment satisfied after defendants paid the full amount of the judgment. Defendants appeal, arguing that as a matter of equity they were entitled to a refund of a part of the taxes paid because the assessment was constructively fraudulent and they had no notice of the assessment or of the tax judgment against the realty.

Taxpayers have been the beneficial owners of the subject parcels for many years and have paid the real estate taxes promptly up to the second installment of the 1969 taxes. The subject parcels, commonly known as 2700-10 and 2714-24 South Normal Boulevard, Chicago, Illinois, were improved with buildings. In 1969, the city of Chicago filed demolition proceedings against the two buildings, which were demolished on January 22, 1970, and June 4, 1970. The parcels were assessed as improved properties for 1970 and 1971, despite the demolition of the buildings. Judgments for the delinquent taxes were entered against the realty on January 29, 1971, January 21, 1972, and December 15, 1972. No appeals were taken from those judgments. At the subsequent tax sale there were no bidders for the realty and it was forfeited to the State.

On October 3, 1973, taxpayers sued to enjoin the collection of the 1970 and 1971 taxes, alleging that the assessments for those years were so excessive that they were constructively fraudulent. The collector moved to dismiss, arguing that taxpayers had an adequate remedy at law, that the statutory full payment under protest had not been made, that taxpayers had not exhausted their administrative remedies and that prior judgments were conclusive as to the validity of the assessments for those years. Taxpayers' chancery complaint was dismissed on June 23, 1975. A timely motion to vacate the dismissal was denied on July 22, 1975. No appeal was taken by taxpayers.

On November 12, 1975, the People filed a complaint against taxpayers for the delinquent 1969, 1970 and 1971 real estate taxes. Taxpayers filed an answer on November 12, 1975, which denied that taxpayers were indebted to the People for the following reasons:

> "That said property was over-valued for assessment purposes; that illegal rates were used in computing said taxes; and/or that excessive penalties have been charged."

The circuit court reduced the amount of the judgment by the amount of the interest claimed, entered judgment for the People in the reduced amount, and ordered the judgment satisfied after taxpayers paid the judgment in full.

■■ In the circuit court taxpayers merely alleged that their realty had been overvalued for the years 1970 and 1971. On appeal they contend they are entitled to a refund because the assessments for the subject years were so excessive that they were constructively fraudulent. It is also

contended for the first time that taxpayers had no adequate remedy at law because they had no notice of the assessments or of the judgments entered against their realty. The mere allegation of overvaluation is not sufficient to raise the issue of a constructively fraudulent assessment. (See *People ex rel. County Collector v. American Refrigerator Transit Co.* (1965), 33 Ill. 2d 501, 211 N.E.2d 694.) Even if taxpayers had adequately raised the constructive fraud issue, they would not be entitled to equitable relief because they failed to allege the inadequacy of their legal remedy. (*Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833; *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299.) If such an allegation had been made, taxpayers still would have had to prove that the normal statutory procedure of paying under protest and attacking the assessment is an inadequate remedy. (See *Clarendon.*) Their contention on appeal that the lack of notice prevented the exercise of their legal remedy is without merit. After judgment for taxes is entered against realty, the judgment is conclusive evidence of the regularity and validity of the judgment unless the property is exempt from general taxes or where the tax is paid. (Ill. Rev. Stat. 1975, ch. 120, par. 751.) Taxpayers make neither assertion necessary to render the above statute inapplicable. Neither allegation necessary to qualify for equitable relief was made by taxpayers. See *Clarendon.*

■■ Even if taxpayers had pleaded the allegations which they make for the first time on appeal, they would not be entitled to a refund. Where taxpayers have failed to utilize their statutory or equitable remedy prior to judgment for taxes being entered, it would be contrary to public policy to give them another opportunity to contest the taxes. See *Clarendon; Jansen Real Estate Corporation v. Cullerton* (1977), 49 Ill. App. 3d 231, 364 N.E.2d 905.

■■ Plaintiff has made a motion to supplement the record on appeal with affidavits of the trial judge and the assistant State's attorney who represented plaintiff in the trial court. This motion is denied on the authority of *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457. Plaintiff has also moved to dismiss the appeal. Because we have elected to treat the appeal on its merits, that motion is denied.

The motions to supplement the record and to dismiss the appeal are denied. The judgment of the circuit court of Cook County is affirmed.

Motions denied; judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.