THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JULIA M. HAGERTY, Defendant-Appellant.

First District (1st Division)    No. 81-102

---

Opinion filed January 25, 1982.—Rehearing denied March 8, 1982.

Bernard Allen Fried, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Thomas J. McNulty, and Steven Pearlman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GOLDBERG delivered the opinion of the court:

The State's Attorney of Cook County brought this action on behalf of the People of the State of Illinois to recover unpaid real estate taxes for 1974 through 1977 from Julia M. Hagerty (defendant). Upon plaintiff's motion, the trial court granted summary judgment in favor of plaintiff in the amount of $48,217.80. Defendant appeals.

It is first necessary to review the pertinent provisions of the Revenue Act of 1939 with respect to unpaid real estate taxes. An excellent summary was set forth by this court in *People ex rel. Larson v. Rosewell* (1980), 88 Ill. App. 3d 272, 273-74, 410 N.E.2d 404, *appeal denied* (1980), 81 Ill. 2d 605:

> "The Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 482 *et seq.*) provides two basic methods to enforce the payment of taxes levied upon real property: an *in rem* proceeding against the property; and an *in personam* proceeding against the owner. The *in rem* proceeding encompasses two different and distinct statutory actions. The first type of *in rem* proceeding commonly referred to as the annual tax sale, is authorized by section 225 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 706). Such a sale for the full amount of delinquent taxes may occur '[a]t any time after the first day of September next after all of such delinquent taxes on lands and lots shall become due in any year, * * *.' The second type of *in rem* proceeding is an action instituted pursuant to section 235a of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 716a) which is commonly referred to as the Scavenger Act. Section 235a, unlike section 225, requires that tax delinquency continue for a period of five years or more. Property subject to the Scavenger Act is sold to the highest bidder, even though the bid may be less than the full amount of the unpaid taxes. Section 275 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 756) authorizes an action by the county board to recover from the owner of tax delinquent property which has been forfeited to the State the full amount of taxes due.
>
> Normally the entire tax liability for real estate would be met

through a judgment and sale of the property pursuant to section 225. [Citations.] * * *.
　* * *

The Revenue [A]ct apparently anticipates that some property will not be purchased at the annual tax sale and therefore will be forfeited to the State. As a result supplementary statutory procedures such as the action for unpaid taxes and the scavenger sale were enacted to serve as a 'backstop' for property which was not purchased at the annual tax sale.

Section 275 which authorizes the action for unpaid taxes provides in pertinent part:

'The *county board* may, *at any time*, institute suit in a civil action in the name of the People of the State of Illinois in the circuit court for the whole amount due for taxes and special assessments on forfeited property; * * *.' (Emphasis supplied.)"

I

Defendant first contends an issue of material fact remains as to the validity of the alleged forfeiture of the subject property. Defendant argues the motion for summary judgment did not contain either the required prerequisites as to process (Ill. Rev. Stat. 1979, ch. 120, par. 720) or the applications for judgment and sale (Ill. Rev. Stat. 1979, ch. 120, par. 706), without which there could be no valid forfeiture.

■ We disagree. Attached to the motion for summary judgment are the judgment orders for sale granted by the circuit court on the motion of the county collector for each of the tax years in question. Because defendant did not object to the applications, the judgments and orders for sale act as a default judgment against the property for each of the years in question. See *People ex rel. Thompson v. Clark* (1975), 34 Ill. App. 3d 228, 232, 338 N.E.2d 408, *appeal denied* (1976), 62 Ill. 2d 591.

It is undisputed following these judgments the property was offered for sale for each of the years in question. Section 246 of the Revenue Act of 1939 expressly states (Ill. Rev. Stat. 1979, ch. 120, par. 727):

"Every tract or lot so offered at public sale, and not sold for want of bidders * * * shall be forfeited to the State of Illinois: * * *."

Copies of official Cook County records indicating the forfeiture of the subject property and an affidavit attesting to the accuracy of such records were also attached to the plaintiff's motion for summary judgment. Such records are competent evidence. (See *People ex rel. Thompson v. Clark* (1975), 34 Ill. App. 3d 228, 232.) The Revenue Act of 1939 expressly provides (Ill. Rev. Stat. 1979, ch. 120, par. 723):

"All tracts or lots forfeited to the State at such sale * * * shall be noted on the record."

Defendant does not contest the authenticity of the documents submitted to the court. Therefore, valid forfeitures were properly established. We accordingly reject this contention.

II

Defendant next contends the granting of the motion for summary judgment improperly denied her the opportunity to raise her objections concerning the legality and sufficiency of the tax. Defendant contends she should have been given the opportunity to prove the taxes levied against her property were excessive and improperly assessed.

We disagree. In this situation, defendant has failed to follow the necessary steps required by the Revenue Act in order to object to the assessment of the taxes. Section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 675) specifically provides a person who wishes to object to the assessment of real estate taxes, for any reason other than that the property is not subject to taxation, must first pay all of the tax installments under protest. This procedure is further endorsed by section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 716) with respect to a taxpayer's ability to raise defenses to the application for judgment and order of sale against the subject property:

"Provided, that no person shall be permitted to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of this Act * * *."

■■ Our courts have specifically held these procedures must be followed by a taxpayer wishing to object to the assessment except where the tax in question is unauthorized by law or levied on exempt property. (See *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 106-08, 306 N.E.2d 299; *Chicago Title & Trust Co. v. Tully* (1979), 76 Ill. App. 3d 336, 340-41, 395 N.E.2d 42, *cert. denied* (1980), 445 U.S. 964, 64 L. Ed. 2d 240, 100 S. Ct. 1653; see also *Chicago Sheraton Corp. v. Zaban* (1978), 71 Ill. 2d 85, 92-93, 373 N.E.2d 1318, *appeal dismissed* (1978), 439 U.S. 888, 58 L. Ed. 2d 233, 99 S. Ct. 242.) It is undisputed defendant did not pay the real estate taxes assessed against the subject property nor did she file objections of any kind to the motions for judgment and orders of sale. In *People v. Chicago Title & Trust Co.* (1977), 50 Ill. App. 3d 387, 389, 365 N.E.2d 706, this court stated:

"Where taxpayers have failed to utilize their statutory or equitable remedy prior to judgment for taxes being entered, it would be

contrary to public policy to give them another opportunity to contest the taxes. [Citations.]"

It follows necessarily the instant defendant was properly precluded from objecting to the taxation.

In addition, we note the following statutory provision as further evidence that the legislature intended taxpayers to raise all objections to the tax assessments prior to the entry of judgment (Ill. Rev. Stat. 1979, ch. 120, par. 751):

"Any order for the sale of real estate for delinquent taxes, except as otherwise provided in this Section, shall estop all parties from raising any objections thereto * * * which existed at or before the rendition of such order, and could have been presented as a defense to the application for such order in the court wherein the same was rendered, and as to all such questions, the order itself is conclusive evidence of its regularity and validity in all collateral proceedings * * *."

Defendant cites *Barnett v. County of Cook* (1944), 388 Ill. 251, 259, 57 N.E.2d 873, and *Griffin v. County of Cook* (1938), 369 Ill. 380, 386, 16 N.E.2d 906, in support of her contention. However, the language of these cases refers to the particular provisions of the Revenue Act of 1939 there challenged and found unconstitutional by the supreme court in each case. Thus, these cases are inapplicable. We also find *City of Chicago v. McCausland* (1942), 379 Ill. 602, 41 N.E.2d 745, inapplicable to the situation at bar. Although the *McCausland* court did say "certain" defenses to an *in personam* suit to collect real estate taxes may be raised by a defendant (379 Ill. 602, 606), the only defense noted to be thus available was that the defendant did not own the subject property (379 Ill. 602, 606-07). As the defendant in the instant case has admitted ownership of the subject property throughout the years in question, *McCausland* does not apply.

The numerous other cases cited by defendant are also inapplicable to the instant case. All of those cases were decided prior to the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 482 *et seq.*), which established a forum in which real estate taxes may be challenged through payment under protest. As noted above, it has been subsequently held by our courts that a taxpayer must follow these statutory guidelines. We therefore reject this contention.

### III

Defendant also alleged in her answer to the motion for summary judgment that the Cook County collector failed to offer the subject property for sale under the scavenger sale provisions of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 716a). Defendant alleged that the

property was advertised for sale by the collector, but subsequently deleted. Defendant argues this failure to follow the mandatory duty of the collector should have precluded the instant judgment.

In our opinion in *In re Application of County Collector* (1981), 101 Ill. App. 3d 498, 428 N.E.2d 755, this court held the actions of the collector in deleting certain parcels from the scavenger sale where the taxes were overdue five years or more was a violation of a mandatory duty. However, the collector is not a party to the instant suit. Furthermore, we do not see where the failure to offer the subject property for sale creates any issue of fact with respect to defendant's liability under section 275 (Ill. Rev. Stat. 1979, ch. 120, par. 756). Defendant's argument is speculative and based on the assumption that the property would have been sold had it been offered for sale, and that the sale would extinguish defendant's personal liability as well as the *in rem* lien. The effect of such a sale is clearly not before us on the facts of this case. We can only point out that defendant should exercise the remedies open to her to require the collector to proceed. The legal results of such sale may not be established until the sale becomes an accomplished fact.

## IV

Defendant next contends summary judgment was inappropriate because the plaintiff has improperly split its cause of action. Defendant points out the language of section 275 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 756) states the plaintiff may bring suit for "the whole amount due for taxes and special assessments on forfeited property * * *." Defendant argues that failure of plaintiff to include an action for taxes due and unpaid for 1978 improperly subjects defendant to a multiplicity of suits.

We do not agree. The procedures which the Cook County collector must follow in seeking judgment against a parcel of real estate for unpaid taxes and subsequent forfeiture of the property, as above described, must necessarily be repeated each year. Thus, we see no reason to conclude these unpaid taxes are anything but separate judgments, each standing on its own. Therefore, the failure to include taxes due for 1978 does not affect defendant's liability for unpaid taxes for the years 1974 through 1977.

We have examined the numerous cases cited by defendant in support of her contention. While these cases support the general legal proposition regarding multiplicity of lawsuits, they have no relation to the Revenue Act of 1939. We therefore reject this contention.

## V

Defendant next contends the summary judgment was improper

because it included each separate judgment and the various tax amounts owed for each of the years in question. Defendant does not, however, present arguments or cite cases in support of this contention. The argument must therefore be rejected. See *Collins v. Westlake Community Hospital* (1974), 57 Ill. 2d 388, 392, 312 N.E.2d 614.

## VI

Defendant argues section 275 (Ill. Rev. Stat. 1979, ch. 120, par. 756) is unconstitutional. Defendant initially relies on *City of East St. Louis v. Illinois State Trust Co.* (1939), 372 Ill. 120, 22 N.E.2d 944. In that case, the supreme court held section 230 of the Revenue Act (Ill. Rev. Stat. 1937, ch. 120, par. 215), which authorized *in personam* judgments for unpaid special assessments, was in violation of article 9 of the Illinois Constitution (Ill. Const. 1870, art. IX). 372 Ill. 120, 124.

We find this case inapplicable to the statute before us. First, article 9 of the former Illinois Constitution is not found in the Illinois Constitution of 1970. Second, *City of East St. Louis* dealt with a delinquent special assessment and not general real estate taxes. The court in *City of East St. Louis* specifically differentiated between taxation for revenue and special assessments (372 Ill. 120, 122, quoting *Craw v. Village of Tolono* (1880), 96 Ill. 255, 261-62):

> " 'It is entirely competent to declare [taxation for revenue] a personal liability of the person so taxed. To pay it is a duty he owes to the government. Not so with special taxation, for local improvements, on property contiguous to the improvement.' "

## VII

■■ Defendant next argues section 275 of the Revenue Act of 1939 is unconstitutional in that it denies her due process of law. We cannot agree. In *Little Sister Coal Corp. v. Dawson* (1970), 45 Ill. 2d 342, 348, 259 N.E.2d 35, the supreme court stated the requirements of due process in taxation cases were notice to the taxpayer and opportunity to be heard at some point in the process before the tax liability is determined. As noted above, defendant has not argued she did not receive notice of the taxes assessed against her property, and she did not avail herself of the procedures with which to dispute the assessments. This argument is therefore rejected. See also *Catoor v. Blair* (N.D. Ill. 1973), 358 F. Supp. 815, 816-17, *aff'd* (1973), 414 U.S. 990, 38 L. Ed. 2d 231, 94 S. Ct. 345.

## VIII

■■ Defendant argues she is denied equal protection under the law because the Revenue Act of 1939 gives plaintiff the sole discretion in determining which property owners to sue for unpaid taxes under section

275 (Ill. Rev. Stat. 1979, ch. 120, par. 756). We do not agree. We see no discretionary authority with respect to this section. It is undisputed the Cook County collector, not a party to this action, had previously secured orders for judgment and sale of the property and those unpaid taxes remained outstanding. Thus, there was no discretion on the part of plaintiff in determining defendant to be liable personally for the unpaid taxes (Ill. Rev. Stat. 1979, ch. 120, par. 508(a)), and thus subject to suit for such taxes under section 275 (Ill. Rev. Stat. 1979, ch. 120, par. 756). Furthermore, in proceeding in a suit under section 275 plaintiff is merely following the provision in Illinois law which requires the State's Attorney to appear in those proceedings to collect delinquent taxes and to see that the judgments are "legal and binding." Ill. Rev. Stat. 1979, ch. 14, par. 5(12).

## IX

■■ Defendant finally argues the State's Attorney of Cook County should have been disqualified from participation in this case because of a conflict of interest. Defendant argues a violation of legal duties by the county board with respect to the scavenger sale has placed the board in a conflict, and that the State's Attorney should not be permitted to represent both the People of Illinois and the county board and to pursue this action against her.

We cannot accept this argument. The State's Attorney of Cook County is required by law to represent both parties. (Ill. Rev. Stat. 1979, ch. 14, par. 5(3).) Furthermore, no alleged conflict between governmental bodies should have any bearing on this cause, as neither the county board nor the county collector are parties to this suit. This argument is therefore rejected.

For these reasons, the judgment appealed from is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.