ANGIE GUITHUES *et al.*, Plaintiffs-Appellants, *v.* CHARLES MERRITTS *et al.*, Defendants-Appellees.

Fifth District   No. 75-488

Opinion filed May 6, 1977.

Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis (Gerald L. Montroy, of counsel), for appellants.

Edward Neville, of East St. Louis, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of St. Clair County dismissing their complaint. Plaintiffs alleged that their employment was terminated by defendants in violation of due process and equal protection guaranteed by the fourteenth amendment to the United States Constitution and 42 U.S.C. §1983. In addition, plaintiffs alleged that they were not rehired because they instituted legal proceedings against defendants.

Plaintiffs, Angie Guithues, Jessie Kerchoff and Margaret Merrick, were employed for 7, 18, and 5 years respectively as attendance officers of School District 189. These are noncertified employment positions. While plaintiffs were employed by the school district the defendants or their predecessors in office, who are members of the Board of Education of

School District 189, passed a resolution stating as a declaration of policy that any existing noncertified employee who moved from the school district would be terminated in his employment with the school district. Subsequently, plaintiffs moved outside School District 189.

On July 19, 1973, defendants passed a resolution terminating the employment of plaintiffs without providing plaintiffs with the opportunity for a hearing prior to discharge. This action was in conformity with the resolution of nonresidency which had been in effect in this school district since 1969.

After pleading both the 1969 and the July 19, 1973, resolutions, plaintiffs alleged that on December 7, 1973, a judge of the circuit court of St. Clair County "did declare the aforementioned resolution unconstitutional and void." While it is not clear from the record or briefs which resolution was held unconstitutional, we assume that the trial court struck down the 1969 resolution stating a declaration of policy. Nevertheless, on April 15, 1974, the court entered the following order:

> "This court can find no authority for the proposition that it can order the defendants to rehire said plaintiffs; the testimony and exhibits offered indicate that said plaintiffs are hired on an annual basis, they do not have tenure."

After defendants' continued refusal to rehire plaintiffs, this action was initiated.

Plaintiffs contend in this appeal (1) that defendants terminated their employment without notice and hearing in violation of the fourteenth amendment to the United States Constitution and 42 U.S.C. §1983 and (2) that the defendants refused to rehire plaintiffs because they had exercised their constitutionally protected right to petition the court for redress of their grievances. They argue that the trial court erred in dismissing their complaint based on these grounds.

At this point we wish to make it clear that the plaintiffs have not relied on the previous judgment declaring the resolution unconstitutional in framing their cause of action. Our decision in this case is thus limited to the specific questions presented.

Pre-termination hearings were discussed at great length in *Board of Regents v. Roth*, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701, and *Perry v. Sindermann*, 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694.

In *Roth*, the plaintiff was hired as an assistant professor at a state university for a fixed term of one academic year, the notice of his faculty appointment so specifying. He completed the academic year, but was informed that he would not be rehired for the following academic year. Under university rules he was given no reason for the decision not to rehire him, nor was he given any opportunity to challenge the decision at a hearing. He then brought an action in the United States District Court

for declaratory and injunctive relief, in which he alleged that the failure to give him notice of the reason for his nonretention and an opportunity for hearing was in violation of his right to procedural due process. The district court granted summary judgment in his favor, ordering the university to give him a hearing and to provide reasons for his nonretention. (310 F. Supp. 972.) The United States Court of Appeals of the Seventh Circuit affirmed. (446 F.2d 806.) But on certiorari, the United States Supreme Court reversed and remanded, holding that plaintiff was not constitutionally entitled to a statement of reasons or to a hearing on the decision not to rehire him. The pertinent provisions of the Supreme Court's opinion may be summarized as follows:

(1) Procedural due process applies only to the deprivation of interests encompassed by the fourteenth amendment's protection of liberty and property and the range of such interests is not infinite;

(2) Procedural due process protects only those interests that a person has already acquired in specific benefits;

(3) The plaintiff was in no way deprived of an interest in liberty, for in declining to re-employ him, the State did not impose on him any stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities;

(4) Similarly, plaintiff was in no way deprived of an interest in property, because the terms of his appointment specifically provided that his employment was to terminate at the end of the academic year, and he thus had absolutely no interest protected by the fourteenth amendment in re-employment for the next year. 33 L. Ed. 2d 548-49.

In *Perry*, Robert Sindermann was hired as a professor at a junior college in Texas. He was employed by the college for four successive years under a series of one-year contracts. Subsequently, he became involved in public disagreements with the college's board of regents and the board voted not to offer him a new contract. He was provided with no reason for the nonrenewal, nor was he given an opportunity to challenge any basis for the nonrenewal. The college did not have a formal contractual or tenure securities agreement, but did have a provision in the faculty guide which provided assurances of continued employment so long as services were satisfactory, the teacher displayed a cooperative attitude toward his co-workers and his superiors, and so long as he was happy with his work.

In holding that Sindermann was entitled to a pre-termination hearing, the Supreme Court stated "that 'property' interests subject to procedural due process protection are not limited by a few rigid, technical forms." (408 U.S. 593, 601, 33 L. Ed. 2d 570, 580, 92 S. Ct. 2694.) The court re-emphasized its earlier remarks in *Roth* that property denotes a broad range of interests that are secured by existing rules and understandings. "A person's interest in a benefit is a 'property' interest for due process

purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." 408 U.S. 593, 601, 33 L. Ed. 2d 570, 580, 92 S. Ct. 2694.

The plaintiffs here concede that they had no tenure or no other job security protection which constituted a formal understanding to support their claim of entitlement to a hearing; rather, they insist that there was a custom and understanding between the plaintiffs and their employers that they would be re-hired annually if there was a need for them and if there was no need for them, they would be laid off according to seniority. (Apparently less senior employees than plaintiffs were not terminated.) Thus, plaintiffs attempt to compare the alleged understanding between themselves and their employers to the faculty guide in *Perry*. We cannot agree with the analogy.

■■ The understanding that plaintiffs allege existed between them and their employers very probably exists between most employers and employees absent an agreement to the contrary. As such, the alleged agreement would not give rise to a "property" interest similar to that recognized in *Perry*. Nor would it comport with the definition offered by the Supreme Court in *Roth*: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. * * * He must, instead, have a legitimate claim of entitlement to it." (408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701.) If plaintiffs' reasoning were to be followed to its logical result, every noncertified public employee terminated for any reason would have to be afforded a pre-termination hearing. We recognize that there are numerous areas where a hearing is required before a person can be deprived of a property interest (termination of welfare benefits, *Goldberg v. Kelly*, 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011; garnishment of weekly wage, *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820; revocation of driver's license, *Bell v. Burson*, 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586; repossession of household goods, *Fuentes v. Shevin*, 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983). But no court has extended the requirement for a pre-termination hearing to encompass the facts presented in this case absent an allegation that termination was based on (1) the exercise of constitutional rights, or (2) that it was harmful to the terminated employee's reputation. (See *Roth* and *Perry*.) Since the dismissal in this case pre-dated the institution of legal proceedings, there is no valid first-amendment claim. In addition, there was no allegation that the termination damaged plaintiffs' reputations or imposed any restrictive stigma. Accordingly, we do not believe that a hearing was required from the allegations of plaintiffs' complaint. The trial court thus properly dismissed those counts dealing with the failure to afford plaintiffs a hearing prior to termination.

■■ The above discussion is also relevant to plaintiffs'~ second contention. After defendants refused to rehire plaintiffs in September of 1973, plaintiffs instituted a suit which ultimately led to the declaration that the 1969 resolution was unconstitutional and void. After that declaration defendants failed to rehire plaintiffs. In response plaintiffs have alleged that they were not rehired because they petitioned the court for a redress of their grievances. Plaintiffs apparently base this contention on the decision of the United States Supreme Court in *Perry*, for other cases cited are not even closely in point. In *Perry*, plaintiff alleged retaliation for his exercise of his constitutional right of free speech by an affirmative act on the part of defendants, while in this case termination preceded the exercise of first amendment rights.

For the foregoing reasons we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

JONES and EBERSPACHER, JJ., concur.