PHILIP S. LIEB, Plaintiff-Appellant, *v*. CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, Defendant-Appellee.

First District (4th Division)   No. 77-838

Opinion filed November 1, 1979.

Michael W. Rathsack, of Chicago, for appellant.

Burton R. Rissman, Thomas P. Luning, and Walter C. Greenough, all of Chicago (Schiff, Hardin & Waite, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Philip S. Lieb, brought this action to obtain injunctive relief, compensatory damages, and punitive damages from defendant, Chicago Board Options Exchange, Incorporated (CBOE), for allegedly wrongfully terminating his appointment as a board broker without cause and without a hearing. On March 21, 1977, the trial court entered a temporary injunction enjoining defendant from terminating plaintiff's appointment. On defendant's motion, the injunction was dissolved May 10, 1977, and an appeal was taken from that order. On June 9, 1977, plaintiff filed his amended complaint which was dismissed on August 25, 1977, for failure to state a cause of action. Plaintiff appealed from that order September 21, 1977.

At the time of his termination, Philip Lieb was a board broker appointed by CBOE, a corporation registered with the Securities and Exchange Commission (SEC) and organized for the purpose of maintaining an exchange market for transactions in securities options. As a board broker, Lieb acted as a broker's broker for specified classes of options, accepting and attempting to execute orders placed with him by other CBOE members. A board broker also has the responsibility for monitoring the market for such classes of options. At the time of his termination, Lieb was the board broker dealing in the options of Baxter Laboratories, Honeywell, and United Technologies Corp.

In 1975, the CBOE appointed a standing subcommittee on board broker performance (subcommittee) under the CBOE's floor procedure committee, to evaluate the performances of the board brokers. On August 26, 1975, plaintiff was first notified that his performance ranked "very low" compared with other board brokers and would continue to be monitored. The next time Lieb was evaluated, during the summer of 1976, he received the lowest performance rating of any board broker. He scored a 2.5 rating on a scale on which 2 points reflected fair performance and 3 points reflected good performance. Plaintiff was advised by letter by the chairman of the floor procedure committee that his performance remained "inadequate." A meeting was held November 4, 1976, between Lieb and members of the subcommittee to discuss his evaluation. Lieb was told that if he did not improve, his appointment as a board broker would be terminated. In December 1976, his rating was 2.9.

In a letter dated February 10, 1977, the chairman of the floor procedure committee informed Lieb of the decision to terminate his appointment as board broker to the three classes of options to which he had been assigned. This termination did not affect Lieb's CBOE membership or his registration as a board broker, market maker, or floor broker. According to the letter, the termination would not become effective until 45 days from receipt of the notification. The letter also stated Lieb had a right to seek review of the termination decision in the interim, pursuant to the CBOE rules.

Two weeks later, Lieb requested a hearing before the appeals committee of the CBOE. The hearing was scheduled for March 14, 1977. On March 18, 1977, plaintiff filed the original complaint in this action and sought an order enjoining the CBOE from terminating him and also from holding a hearing on his termination. The trial judge entered a temporary injunction restraining the termination, but refused to enjoin the appeals committee hearing.

Plaintiff's hearing before a five-member panel of the CBOE appeals committee (panel) commenced March 21, 1977. All of the members of the

panel did not attend all of the sessions of the hearing, but only those who attended all of the sessions participated in the decision.

Although he was given an opportunity, plaintiff declined to participate in the hearing, except to argue that he had not been afforded due process. The panel heard evidence from 8 witnesses and received 49 exhibits.

On May 3, 1977, the appeals committee upheld the decision to terminate plaintiff's appointment as a board broker to the classes of options to which he had been assigned.

The termination became effective May 11, 1977, 1 day after the trial court entered its order dissolving the temporary injunction. Thereafter, Lieb became a market maker on the CBOE.

The question for review is whether the amended complaint should have been dismissed by the trial court for failure to state a cause of action.

Plaintiff argues that the trial court erred in dismissing his amended complaint because it stated a good cause of action. He claims he was deprived of a valuable property right without due process. He is concerned, mainly, that his hearing took place after the termination of his appointment.

Defendant argues that Lieb's appointment as a board broker was terminated in accordance with the rules of the CBOE. CBOE Rule 7.3 ([1976] Chi. Bd. Opt. Ex. (CCH) par. 2223) provides, in relevant part:

> "The Floor Procedure Committee may suspend or terminate any appointment of a Board Broker under this Rule whenever, in its judgment, the interests of a fair and orderly market are best served by such action."

CBOE Rule 7.3 further provides:

> "A member or applicant for membership adversely affected by a determination of the Floor Procedure Committee under this Rule may obtain a review thereof in accordance with the provisions of Chapter XIX."

Plaintiff cites two cases to support his argument that his appointment was terminated without the due process requirements of a hearing. Both cases, *Silver v. New York Stock Exchange* (1963), 373 U.S. 341, 10 L. Ed. 2d 389, 83 S. Ct. 1246, and *Van Daele v. Vinci* (1972), 51 Ill. 2d 389, 282 N.E.2d 728, are inapposite to the facts in the instant case.

■█ Illinois appellate courts have reached the conclusion that a hearing after a termination satisfies due process requirements. (*Guithues v. Merritts* (1977), 48 Ill. App. 3d 285, 288, 363 N.E.2d 134, 136.) Illinois courts have also held, specifically, that the requirements of due process are satisfied by affording an opportunity to be heard before a review board. *Little Sister Coal Corp. v. Dawson* (1970), 45 Ill. 2d 342, 345, 259

N.E.2d 35, 36; *Dietman v. Hunter* (1955), 5 Ill. 2d 486, 489, 126 N.E.2d 22, 23; *Peabody Coal Co. v. Pollution Control Board* (1976), 36 Ill. App. 3d 5, 17-19, 344 N.E.2d 279, 288-89.

■■ The effective date of the termination of plaintiff's appointment to the three classes of options was not until 45 days after the date of the letter informing him of the floor procedure committee's decision. United States Supreme Court cases have held that due process is satisfied where a hearing precedes the effective date of the challenged action. *Board of Regents v. Roth* (1972), 408 U.S. 564, 569-70, 33 L. Ed. 2d 548, 556, 92 S. Ct. 2701, 2705; *Goldberg v. Kelly* (1970), 397 U.S. 254, 264, 25 L. Ed. 2d 287, 297, 90 S. Ct. 1011, 1018; *Ewing v. Mytinger & Casselberry, Inc.* (1950), 339 U.S. 594, 598, 94 L. Ed. 1088, 1093, 70 S. Ct. 870, 872.

"[P]rocedural due process in the administrative setting does not always require application of the judicial model." (*Dixon v. Love* (1977), 431 U.S. 105, 115, 52 L. Ed. 2d 172, 181-82, 97 S. Ct. 1723, 1729.) The basic due process requirements are notice and an opportunity for a hearing. *Goldberg*, 397 U.S. 254, 267-68, 25 L. Ed. 2d 287, 299, 90 S. Ct. 1011.

According to the record before us, plaintiff was afforded a full hearing after proper notice in conformity with the CBOE rules. We hold, therefore, that plaintiff's amended complaint should have been dismissed for failure to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P. J., and LINN, J., concur.