*In re* APPLICATION OF COUNTY COLLECTOR.—(EDWARD J.
ROSEWELL, Cook County Treasurer, Collector-Appellee, *v.*
HAROLD S. LEVIN *et al.*, Objectors-Appellants.)

First District (1st Division)    Nos. 80-2774, 80-2948, 81-0471, 81-0686 cons.

Opinion filed November 2, 1981.

Arvey, Hodes, Costello & Burman, of Chicago (William J. Costello, Eugene
L. Griffin, Robert M. Sarnoff, and Jeffrey I. Langer, of counsel), for appellants
Harold S. Levin *et al.* and Phillip Lewis *et al.*

Bernard Allen Fried, of Chicago, for appellants Aaron Szydlowicz *et al.*

James A. Rooney, of Chicago, for appellant Iver Johnson.

Levin, Ginsburg & Novoselsky, Ltd., of Chicago (Henry N. Novoselsky and
Michael B. Skalka, of counsel), for appellants Milton Collen *et al.*

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and
Thomas J. McNulty, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:
Cook County treasurer and ex-officio county collector Edward J.
Rosewell (collector) brought action for judgment and order of sale
against parcels of real property upon which real estate taxes were unpaid
for at least five years. Upon motion of the collector, the trial court deleted
from the list of lots to be offered for sale various properties owned or
controlled by the objectors. The sale of the remaining parcels was
confirmed by the trial court. The objectors appeal.
    The objectors are all party defendants in pending actions brought by
the County Board of Cook County pursuant to section 275 of the Revenue
Act (Ill. Rev. Stat. 1979, ch. 120, par. 756). These actions seek collection of
allegedly unpaid Cook County real estate taxes from the owners and
beneficiaries of land trusts holding parcels of property in Cook County.

The real estate taxes upon these parcels were unpaid for five or more years as of July 1980.

There are a number of objectors who joined in the consolidated appeals. The facts are undisputed, and it is agreed that the facts in all of the various consolidated appeals are the same. In addition, there is a stipulation stating the same facts in connection with General No. 81-0686 showing the uniformity of the pertinent facts.

On July 21, 1980, the collector filed his application for judgment and order of sale as to all parcels of land located in Cook County upon which the real estate taxes remained unpaid for each of five or more years pursuant to section 235a of the Revenue Act (Ill. Rev. Stat. 1979, ch. 120, par. 716a). The parcels were then to be sold at a public sale commonly known as a scavenger sale. The parcels of land owned or controlled by all of the objectors were included in this application. The application was continued to August 8, 1980, to permit any owner to object to the application. No such objections were filed. On August 8, 1980, the trial court granted judgment as prayed in the application. The sale was ordered to commence on August 11, 1980.

On or about July 30, 1980, the State's Attorney of Cook County wrote to the collector and requested the collector to delete from the scavenger sale parcels owned by the objectors which were the subjects of actions brought earlier to collect delinquent real estate taxes. The collector did so on or about August 8, 1980. The properties deleted from the sale included the subject properties of these consolidated actions.

On August 27, 1980, the collector filed a notice to amend the order of judgment and sale, seeking to delete formally the subject parcels from the 1980 scavenger sale. Objections were filed by the objectors, who argued the scavenger provisions of the Revenue Act (Ill. Rev. Stat. 1979, ch. 120, par. 716a) were mandatory. The owners also contended the deletion of their properties from the scavenger sale by the collector was arbitrary, capricious and in violation of the Revenue Act.

On September 24, 1980, the trial court confirmed the sale of parcels sold between August 11 and September 24, 1980. Later that same day, the trial court overruled the objections filed by all objectors and amended the order of August 8 as requested by the collector. The trial court confirmed the sale of all remaining parcels on January 7, 1981. Objections to this confirmation were dismissed on February 23, 1981. The objectors have appealed from these orders.

In this court the objectors urge the provisions of the Revenue Act regarding scavenger sales are mandatory and require an offer for sale of all parcels which are tax delinquent for five or more years; assuming the contrary, the county collector lacked authority to delete any parcels from the scavenger sale by *ex parte* action; the trial court lacked discretion to

confirm a scavenger sale from which certain parcels had been excluded *ex parte* and the court lacked jurisdiction to grant the collector's motion to amend the order of sale because the subject of the motion had been included in a prior order for confirmation of the sale. All of the objectors in the consolidated appeals have joined in these contentions. In addition, another group of objectors contend that the State's Attorney of Cook County, attorney of record for the collector, also represents the County Board of Cook County and there is a conflict of interest between these two clients.

The collector contends the trial court has power to allow him to withhold a parcel from the scavenger sale where an action is on file seeking to enforce personal liability for the full amount of tax upon such parcel; the scavenger provisions of the Revenue Act do not require sale of a parcel so that a pending action may not be pursued; the collector did not violate any court order; the trial court had power to confirm the sale of any parcel for which a bid had been made and the court had jurisdiction to permit the omission of parcels from the scavenger sale after confirmation of the sale of other parcels.

The view which we take of the record before us makes it unnecessary to consider in detail any of the points raised by counsel. In our opinion, the doctrine of *stare decisis* requires that we reverse the orders appealed from so that scavenger sales of all of the parcels involved in these consolidated appeals may proceed. This result is required by the opinions of this court in *In re Application of Rosewell* (1981), 93 Ill. App. 3d 1106, 418 N.E.2d 53, and *People ex rel. Larson v. Rosewell* (1980), 88 Ill. App. 3d 272, 410 N.E.2d 404, *appeal denied* (1980), 81 Ill. 2d 605.

In *Larson*, the trial court held that the pertinent provisions of the Revenue Act (Ill. Rev. Stat. 1979, ch. 120, par. 482 *et seq.*) require scavenger sale of all parcels in which tax delinquency has continued for five years or more without exception of any of such properties. In *Larson*, in consolidated appeals, the case involved an order by the trial court which dismissed a petition by objectors for a rule upon the county collector to show cause why he should not be held to comply with the pertinent provisions of the Revenue Act and included certain described parcels which had been omitted. The case also involved an attempt by another objector to require the collector to include certain omitted parcels from the judgment and order of sale. *Larson*, 88 Ill. App. 3d 272, 273.

Thus, the basic issues in the consolidated cases before us and in *Larson* are identical. *Larson* has determined that these statutory provisions are. mandatory and not directory so that properties which have remained tax delinquent for more than five years must necessarily be sold or offered for sale under the scavenger provisions.

We note additionally that *Rosewell* specifically eliminates discretionary authority of the collector to delete any parcel from the scavenger sale. This court held that judicial discretion in connection with sales may be exercised only during confirmation proceedings and then limited to cases "where fraud, irregularity, or unfairness in the sale is established." See *Rosewell*, 93 Ill. App. 3d 1106, 1109.

One further thought by way of limitation is required. The briefs of the parties contain references to the fact that actions have been filed against the purported owners of the parcels of real estate involved in these consolidated appeals seeking to enforce personal liability for unpaid general taxes. (See Ill. Rev. Stat. 1979, ch. 120, par. 756.) Counsel for the parties alluded to this issue in oral argument. The stipulation between the parties above described states that one of the owners intends to file a motion to dismiss the action against him on the ground that the debt, if any, has been "extinguished by the scavenger sale."

These actions are not involved in the instant case. This court has been made generally aware of the pendency of these cases, but, as we view the record before us, the merits of the actions are not involved and consequently are not before this court for decision. We wish to make it clear that it is not the intention of this opinion or of any language herein to make any ruling with reference to any of the issues which may ultimately be presented in the disposition of the various actions.

Accordingly, the orders appealed from removing the parcels owned by all objectors herein from scavenger sale are reversed, and the cause is remanded to the trial court with directions that scavenger sales of all of the parcels of real estate herein involved proceed in due course and in accordance with law.

Orders reversed and cause remanded with directions.

CAMPBELL, P. J., and McGLOON, J., concur.