*In re* APPLICATION OF COOK COUNTY TREASURER.—(THE PEOPLE *ex rel.* JULIA LARSON *et al.*, Plaintiffs-Appellees, *v.* EDWARD J. ROSEWELL, Treasurer and Ex-Officio County Collector of Cook County, Defendant-Appellant.)

First District (2nd Division)    No. 81-789

Opinion filed December 29, 1981.—Rehearing denied February 9, 1982.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Thomas J. McNulty, Assistant State's Attorneys, of counsel), for appellant.

Bernard Allen Fried, of Chicago, for appellees.

JUSTICE PERLIN delivered the opinion of the court:

The County Collector of Cook County (Collector) appeals from the order of the circuit court entered pursuant to this court's opinion and mandate in *People ex rel. Larson v. Rosewell* (1980), 88 Ill. App. 3d 272, 410 N.E.2d 404. In *Larson* we determined that the provision in section 235a of the Revenue Act (Ill. Rev. Stat., 1978 Supp., ch. 120, par. 716a), commonly referred to as the Scavenger Act, for the publication by the county collector of "an advertisement giving notice of the intended application for judgment for sale of all tracts of lands and lots upon which all or part of the general taxes for each of 5 or more years are delinquent" is

mandatory. (88 Ill. App. 3d 272, 276-79.) We therefore held that "the county collector could not lawfully omit from the advertisement certain properties because actions for the unpaid taxes were pending against the owners of those properties." (88 Ill. App. 3d 272, 279.) Following issuance of the mandate, the trial court ordered the Collector to advertise and offer for sale tax delinquent properties owned by Larson and other plaintiffs. With respect to the sale of these properties, the court also ordered the Collector to permit redemption under the provisions of the Scavenger Act in effect in 1979. These redemption provisions were amended by the legislature in 1980.

The Collector appeals contending (1) that the trial court exceeded the scope of this court's opinion and mandate when it ordered the Collector to offer for sale properties owned by plaintiffs; and (2) that, assuming the order to offer for sale was not improper, the trial court erred in ordering the sale to be held under provisions of the Scavenger Act no longer in effect. For the reasons which follow, we affirm the trial court in part, reverse in part and remand with directions.

I

In *Larson*, we stated:

"We hold only that the county collector is mandated by the Scavenger Act to 'publish an advertisement giving notice of the intended application for judgment for sale of all tracts of lands and lots upon which all or part of the general taxes for each of 5 or more years are delinquent.' [Ill. Rev. Stat., 1978 Supp., ch. 120, par. 716a.] *We express no opinion as to whether every parcel included in such advertisement must be the subject of a judgment for sale;* * * *." (Emphasis added.) 88 Ill. App. 3d 272, 278.

Seizing upon the italicized language, the Collector argues that in ordering him to offer for sale the tax delinquent properties owned by plaintiffs, "[t]he trial court clearly exceeded the mandate of this court * * *."[1] We cannot agree.

Section 235a of the Revenue Act (Ill. Rev. Stat., 1978 Supp., ch. 120, par. 716a) provides in part:

"The County Collector shall make application for judgment for sale as provided in this Section and the Court shall give judgment for such general taxes, special taxes, special assessments, interest, penalties and costs as are included in the advertisement and appear to be due thereon after allowing an opportunity to object and a hearing upon the objections as provided in Section 235 of this Act

---

[1] The Collector's brief is replete with references to "remand" and "the mandate." It should be noted that this cause was not remanded. The trial court's judgment was reversed outright. The mandate included no instructions to the trial court.

[ch. 120, par. 716], that such lands and lots be sold by the County Collector at public [sale] to the highest bidder for cash, notwithstanding the bid may be less than the full amount of taxes, special taxes, special assessments, interest, penalties and costs for which judgment has been entered."

Under section 235a, the trial court must afford interested parties an opportunity to object to the Collector's application for judgment and order of sale. Because of the possibility that an objector may have valid grounds for opposing the application, not every parcel included in the Collector's advertisement will necessarily be subject to a judgment and order of sale. But the mere possibility that judgment may be denied has no bearing on the Collector's statutory obligation to " 'publish an advertisement giving notice of the intended application for judgment for sale * * *' " of tax delinquent properties and to make " '* * * application for judgment for sale * * *' " on such properties. 88 Ill. App. 3d 272, 278. ■■ The Collector's duties under the Scavenger Act are mandatory. (*People ex rel. Larson v. Rosewell* (1980), 88 Ill. App. 3d 272, 276-77; *In re Application of Rosewell* (1981), 93 Ill. App. 3d 1106, 1108, 418 N.E.2d 53; *In re Application of County Collector* (1981), 101 Ill. App. 3d 498, 500.) Those duties include offering for sale properties on which judgment and order of sale has been entered. 101 Ill. App. 3d 498, 500-01.

The Collector contends, however, that the trial court lacked *in rem* jurisdiction to order the Collector to offer for sale the properties owned by plaintiffs because there was no "application for judgment [and order of sale] of the subject property before the trial court" and because "the court entered the order without entering judgment against the property after giving all interested parties the opportunity to object." See *Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 35, 344 N.E.2d 468.

In apparent contradiction to these assertions, the Collector also represents in his brief that the properties which are the subject of this appeal were submitted to the 1980 scavenger sale procedure. According to the Collector, "[a]n advertisement of notice of intent to apply for an order of judgment and sale was published," and "[a]n application for judgment [and order of sale] was filed in Circuit Court." Examination of the decision in *In re Application of County Collector* (1981), 101 Ill. App. 3d 498, which concerned the 1980 scavenger sale and included the properties involved in this appeal, confirms these representations.

The *In re Application of County Collector* opinion discloses that on July 21, 1980, the Collector filed an application for judgment and order of sale. The application was continued to August 8, 1980, to permit any owner to object to the application. No such objections were filed and on August 8, 1980, the trial court granted judgment as prayed in the application. 101 Ill. App. 3d 498, 499.

It is evident from this recitation of facts that the Collector did file an application for judgment and order of sale, that interested parties were given an opportunity to object and that judgment and order of sale was entered. Although, on the Collector's motion, the trial court in *In re Application of County Collector* subsequently amended the order of judgment and sale by deleting formally the parcels owned by plaintiffs and others from the 1980 scavenger sale, that order and related orders have been reversed. (101 Ill. App. 3d 498, 501.) That cause has been remanded with directions "that scavenger sales of all of the parcels of real estate [t]herein involved proceed in due course and in accordance with law." (101 Ill. App. 3d 498, 501.)[2] We conclude, therefore, that the trial court did not err in ordering the Collector to offer for sale the tax delinquent parcels owned by plaintiffs.

## II

The Collector also contends that the trial court erred in ordering the Collector to permit redemption under the provisions of the Scavenger Act in effect in 1979. We agree.

In 1979 the Scavenger Act permitted redemption of property sold by payment of the amount bid plus interest. In 1980 the legislature amended the Act to increase the amount necessary to redeem by requiring that the entire amount of the delinquent taxes be paid. (Ill. Rev. Stat., 1980 Supp., ch. 120, par. 716a.) This amendment applies to all sales taking place after January 1, 1980, except for single-family residential units, and therefore controls the redemption of the properties which are the subject of this appeal.

In oral argument counsel for plaintiffs asserted, without citation of authority, that insofar as the amendment purports to govern the redemption of properties that should have been offered for sale before January 1, 1980, it interferes with plaintiffs' constitutional right of redemption. (Ill. Const. 1970, art. IX, §8(b).) We cannot concur.

Section 8(b) of article IX of the 1970 Illinois Constitution states:

"The right of redemption from all sales of real estate for the non-payment of taxes or special assessments shall exist in favor of owners and persons interested in such real estate for not less than two years following such sales. Owners, occupants and parties interested shall be given reasonable notice of the sale and the date of expiration of the period of redemption as the General Assembly provides by law."

■■ We find nothing in the 1980 amendment which violates plaintiffs'

---

[2] In light of the facts and decision in *In re Application of County Collector*, it is unnecessary to discuss the Collector's arguments that the trial court should have dismissed the case as moot and that the court granted relief not requested by the complaint.

constitutional right of redemption. In effect, plaintiffs claim a vested right to the statutory provisions for redemption operative at the time the tax sales of these properties should have taken place. But our supreme court has held that "[a] taxpayer has no vested right in the continued existence of a tax statute. [Citations.]" *Schlenz v. Castle* (1981), 84 Ill. 2d 196, 208, 417 N.E.2d 1336.

■■ The redemption of any tax delinquent properties sold after January 1, 1980, must be in accordance with the requirements of the amended Scavenger Act. We therefore reverse that portion of the trial court's order which directed the Collector to apply the redemption provisions of the Scavenger Act in effect in 1979 to the redemption of these properties.

For the foregoing reasons, the trial court's order requiring the Collector to advertise and offer for sale the tax delinquent properties owned by plaintiffs is affirmed; the order requiring the Collector to permit redemption under the provisions of the 1979 Scavenger Act is reversed, and the cause is remanded to the trial court with directions to proceed with the scavenger sales of all of the parcels of real estate herein involved in due course and in accordance with law.

Affirmed in part; reversed in part and remanded with directions.

HARTMAN, P. J., and STAMOS, J., concur.